UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT BARTHOLOMEW,

      Plaintiff,

v.                        Case No: 2:15-cv-135-FtM-29DNF

POLLACK & ROSEN, P.A.,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses (Doc. #63) filed on April 22, 2015. Defendant has not filed a response and the time to do so has expired. For the reasons set forth below, the motion is granted in part and denied in part.

### I.

Plaintiff Scott Bartholomew has filed a ten-count Second Amended Complaint (Doc. #44) against Defendant Pollack & Rosen, P.A. (P&R) alleging violations of the Fair Debt Collection Practices Act (the FDCPA) and the Florida Consumer Collection Practices Act (the FCCPA). The underlying facts, as set forth in the Second Amended Complaint, are as follows:

In 2012, as a result of a default judgment in a state court lawsuit, Plaintiff was ordered to pay $1,158.73 to a company known

as Portfolio Recovery Associates LLC (Portfolio).[1]  (<u>Id.</u> at ¶ 8.)
Portfolio, through its attorneys at P&R, moved for a writ of
garnishment and began garnishing Plaintiff's paychecks.  (<u>Id.</u> at
¶ 9.)  As a result of the garnishment, Plaintiff paid his
obligation in full, but Portfolio continued to garnish Plaintiff's
paychecks.  (<u>Id.</u> at ¶ 10.)  Plaintiff repeatedly contacted P&R to
alert them that the judgment against him had been paid in full.
However, P&R never acted to stop garnishing Plaintiff's paychecks,
and, as a result, Plaintiff's paychecks were still being garnished
at the time he commenced this action.  (<u>Id.</u> at ¶ 15.)  According
to Plaintiff, P&R violated the FDCPA and FCCPA because the
excessive garnishment carried the implicit misrepresentation that
he owed a continuing debt to Portfolio.  On April 2, 2015, P&R
filed its Answer, which denied all violations of the FDCPA and
FCCPA and asserted fifteen affirmative defenses.  (Doc. #60.)
Plaintiff now moves to strike each affirmative defense, arguing
that they are inadequately pled.

## II.

Under Fed. R. Civ. P. 12(f), "the Court may order stricken
from any pleading any insufficient defense or redundant,
immaterial, impertinent, or scandalous matter."  Courts disfavor
motions to strike and deny them unless the allegations have "no

---

[1] Plaintiff's claims against Portfolio have been dismissed pursuant
to a settlement agreement.  (Doc. #67.)

possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, 881 F. Supp. 574, 576 (M.D. Fla. 1995). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Affirmative defenses must follow the general pleading requirements contained in Rule 8 of the Federal Rules of Civil Procedure. A party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A).

As with any pleading, an affirmative defense must provide "fair notice" of the nature of the defense and the grounds upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and state a plausible defense, Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, "[w]hile an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations. If the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002) (internal quotations omitted). The purpose of this pleading requirement "is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to

properly litigate it." Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988).

### III.

**A.  Defendant's Fifth, Sixth, Twelfth, Thirteenth, and Fourteenth Affirmative Defenses**

Defendant's fifth affirmative defense alleges that "Plaintiff's damages, if any, were caused by the acts, omissions, or both, of third parties for whose conduct [P&R] is neither responsible nor liable." (Doc. #60, p. 11.) Specifically, Defendant alleges that Publix Supermarkets, Inc. (Publix), Plaintiff's employer, was provided all information necessary to calculate that no further garnishment was necessary, but that it failed to do so. (Id.) In essence, Defendant is alleging that the continued garnishment was not a misrepresentation (and therefore not an FDCPA or FCCPA violation) because Defendant provided Publix with an accurate accounting of the amount Plaintiff owed. Therefore, the fifth affirmative defense is actually a denial of Plaintiff's allegation that Defendant misrepresented the nature of his debt and/or a denial that Defendant's actions caused Plaintiff's alleged damages. The Court will construe the fifth affirmative defense as a specific denial and, accordingly, it will not be stricken. Jirau v. Camden Dev., Inc., No. 8:11-CV-73-T-33MAP, 2011 WL 2981818, at *2 (M.D. Fla. July 22, 2011) ("[W]hen a defendant labels a specific denial as a defense . . . the proper

remedy is not to strike the claim, but instead to treat the claim as a specific denial.") (quoting FDIC v. Bristol Home Mortgage Lending, LLC, 2009 WL 2488302 at *3 (S.D. Fla. Aug.13, 2009)).

Likewise, Defendant's sixth, twelfth, thirteenth, and fourteenth affirmative defenses are properly construed as denials of Plaintiff's allegations that Defendant, via the continued garnishment, misrepresented that Plaintiff still owed a debt to Portfolio even after the debt had been satisfied.[2] Thus, these affirmative defenses will be construed as denials and not stricken.

**B.   Defendant's Remaining Affirmative Defenses**

Defendant's fifteenth affirmative defense alleges that "[P&R] and its agents and representatives are protected by the 'bona fide error' defense pursuant to 15 U.S.C. §1692k, since such actions or

---

[2] In numerical order, the sixth, twelfth, thirteenth, and fourteenth affirmative defenses allege:

- [P&R] could not issue a satisfaction of judgment or of garnishment until the underlying judgment against Scott Bartholomew was paid and the garnishment was satisfied. Neither of those have occurred.

- [P&R] has contacted the Garnishee and advised them to discontinue withholding.

- [P&R] applied to the state court for a final judgment of garnishment months ago and the state court did not issue a final judgment of garnishment until April 2014.

- The final judgment entered against Scott Bartholomew has not been satisfied as there remains a balance.

(Doc. #60, pp. 11-12.)

inactions, if they occurred, were not intentional and resulted from a bona fide error notwithstanding [P&R's] maintenance of procedures reasonably adapted to avoid such errors." (Doc. #60, p. 12.) The FDCPA provides that a debt collector is shielded from liability if it shows that "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c).[3] Thus, the fifth affirmative defense simply restates the statutory language without any additional detail. Such a defense, which does not provide any information connecting it to Plaintiff's claims, is precisely the type of bare-bones conclusory allegation that must be stricken. Microsoft, 211 F.R.D. at 684. Defendant will be granted leave to amend.

The same is true of Defendant's first, second, third, fourth, seventh, eighth, ninth, tenth, and eleventh affirmative defenses, which allege in their entirety:

- The Second Amended Complaint and each purported claim for relief contained therein, fails to state facts sufficient to support a claim upon which relief may be granted.

- Plaintiff's FCCPA claims are barred by Florida's litigation privilege.

- Plaintiff has waived and released any and all claims he may have had against [P&R].

---

[3] The FCCPA contains a functionally identical provision. Fla. Stat. § 559.77(3).

- Plaintiff's is equitably estopped from bringing the claims in his Complaint.

- Plaintiff has failed to mitigate his damages.

- Plaintiff is not entitled to damages for each violation of the FDCPA.

- Plaintiff is not entitled to damages for each violation of the FCCPA.

- Plaintiff is not entitled to damages from each Defendant separately as the acts complained of by the Plaintiff in the Second Amended Complaint arise from the same set of facts.

- [P&R] specifically invokes any and all applicable caps or other limits on damages.

(Doc. #60, pp. 11-12.)

These affirmative defenses are pled in the broadest possible terms and do not provide any information connecting them to Plaintiff's claims.  To the extent these affirmative defenses contain factual allegations, they do not explain how those allegations, if proven, would operate to vitiate Plaintiff's claims.  Such defenses fail to provide Plaintiff with adequate notice of the issue(s) Defendants seek to raise and therefore must be stricken.  Microsoft, 211 F.R.D. at 684.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Plaintiff's Motion to Strike (Doc. #63) is **GRANTED in part and DENIED in part.**

2.   Defendant's first, second, third, fourth, seventh, eighth, ninth, tenth, eleventh, and fifteenth affirmative defenses are **STRICKEN**.  The motion is otherwise denied.

3.   Defendant is granted leave to amend the stricken affirmative defenses within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this   __22nd__   day of June, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record